**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JERRY O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:13-cv-00104-RCJ-WGC |
| vs. | ) |
| | ) |
| WASHOE COUNTY SOCIAL SERVICES, | ) **ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

This emergency Petition for Writ of Habeas Corpus arises out of Respondent Washoe County Social Service's ("WCSS") alleged pre-hearing removal of Petitioner Jerry O'Neal's two minor children without sufficient cause. Petitioner asks the Court to order the immediate return of his children. For the reasons given herein, the Court denies the Petition.

## I.   FACTS AND PROCEDURAL HISTORY

Petitioner alleges that his two minor children were ordered taken from his custody by the Family Court division of the Second Judicial District Court after a February 5, 2013 hearing on Respondent's petition for custody. Petitioner alleges that he did not receive proper notice of the initial custody hearing, despite Respondent's knowledge of his contact information, and that the voluntary investigation upon which Respondent's petition for custody was based revealed no abuse or neglect, in any case. The full hearing to determine custody is scheduled for March 11, 2013. Petitioner argues that the children face emotional harm in the meantime arising out of their forcible custody with Respondent and away from their father.

///

## II. LEGAL STANDARDS

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.  Although the All Writs Act authorizes writs of mandamus, a federal court may not issue writs of mandamus to state officials, and a petition for such a writ is legally frivolous. *See Demos v. U.S. Dist. Court*, 925 F.2d 1160, 1161–62 (9th Cir. 1991).  Specifically, under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Finally, a § 2241 habeas corpus proceeding in federal court does not lie in child custody matters until state remedies are exhausted. *Huynh Thi Anh v. Levi*, 586 F.2d 625, 633 (6th Cir. 1978) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

## III. ANALYSIS

The Court has no jurisdiction to stay proceedings in or mandate action by the state court. Petitioner must direct his grievance to the state courts.  Although he argues that he has no remedy in the state court system, this is incorrect.  Petitioner argues that the state court cannot grant him relief because it has no "jurisdictional authority to act."  But his argument that the state court has no jurisdiction is based upon his contention that he was not properly served with notice of the removal proceedings in the family court.  Petitioner conflates subject matter jurisdiction with personal jurisdiction.  Failure of service of process frustrates only personal jurisdiction under the Due Process Clause, not subject matter jurisdiction.  Petitioner may submit himself to the state court's personal jurisdiction over him simply by petitioning it.  Chapter 34 of the Nevada Revised Statutes provides for mandamus and habeas corpus petitions in the state courts.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 5th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge